

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-14-2008

# Olasz v. Welsh

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3248

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

## Recommended Citation

"Olasz v. Welsh" (2008). *2008 Decisions.* Paper 372.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/372

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-3248
_____

RICHARD OLASZ, SR.,

Appellant

v.

WILLIAM F. WELSH; FRANK DIENER; DAVID HAINES
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 06-cv-00348)
District Judge:  Honorable Donetta W. Ambrose
_____

Submitted Under Third Circuit LAR 34.1(a)
September 29, 2008

Before:  FISHER, CHAGARES and WEIS, *Circuit Judges*.

(Filed: October 14, 2008)
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

Appellant Richard Olasz, Sr., appeals the order of the District Court granting

summary judgment to Appellee William F. Welsh on Olasz's 42 U.S.C. § 1983 malicious

prosecution claim.  The District Court found that Olasz did not demonstrate a First

Amendment violation and therefore could not sustain a claim for malicious prosecution pursuant to § 1983. For the reasons set forth below, we will affirm.

I.

We write exclusively for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts necessary to our analysis.

During all relevant times, Olasz was a member and Welsh was the president of the West Mifflin Borough Council. At Borough Council meetings on March 16, 2004 and May 18, 2004, Welsh ruled that Olasz was out of order and eventually instructed the police to remove him from the meetings. Thereafter, criminal complaints were filed against Olasz for his behavior at the meetings, but an Allegheny County District Magistrate dismissed all charges. Olasz initiated a malicious prosecution suit under § 1983 alleging a violation of his First Amendment rights to free speech and free assembly. Olasz alleged that Welsh "would regularly and wrongfully rule that [Olasz] was 'out of order'" in violation of his First Amendment rights. Olasz admitted to speaking out at the Borough Council meetings, and in fact "speak[ing] loudly while being gaveled" by Welsh, but he averred that his behavior was necessary in order to be heard.

The District Court granted summary judgment as to Olasz's First Amendment claims. The District Court recognized the government's limited power to restrict speech on public property, but also noted the permissibility of content-related regulation under

2

certain circumstances, provided the regulation remains viewpoint neutral. Turning to the facts of this case, the District Court found that Olasz "was called out of order for being disruptive and/or not addressing agenda items," and that restricting such behavior constitutes an appropriate time, place, and manner regulation of a public forum. The District Court quoted *Eichenlaub v. Township of Indiana*, 385 F.3d 274, 281 (3d Cir. 2004), for the proposition that a certain degree of regulation of speech at public meetings is necessary to avoid "allow[ing] a speaker to try to hijack the proceedings, or to filibuster them, [which] would impinge on the First Amendment rights of other would-be participants." Because the District Court found that Olasz could not establish an underlying First Amendment violation, the District Court concluded that Olasz's § 1983 malicious prosecution claim must fail. Olasz timely appealed the District Court's order.

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. Our review of a district court order granting summary judgment is plenary. *Merkle v. Upper Dublin Sch. Dist.*, 211 F.3d 782, 788 (3d Cir. 2000) (citing *Torres v. McLaughlin*, 163 F.3d 169, 170 (3d Cir. 1998)). Summary judgment may be granted where "there is no genuine issue as to any material fact," and "the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In analyzing a motion for summary judgment, the facts must be viewed in a light most favorable to the nonmovant and the nonmovant is entitled to every

reasonable inference that can be drawn from the record. *Merkle*, 211 F.3d at 788 (citing *Hamilton v. Leavy*, 117 F.3d 742, 746 (3d Cir. 1997)).

III.

In *Merkle*, we explained that "a claim of malicious prosecution under section 1983 cannot be based on substantive due process considerations, but instead must be based on a provision of the Bill of Rights providing 'an explicit textual source of constitutional protection.'" 211 F.3d at 792 (quoting *Albright v. Oliver*, 510 U.S. 266, 272 (1994)). Expanding our interpretation of *Albright*, in *Torres* we stated that "a section 1983 malicious prosecution claim could be based on a constitutional provision other than the Fourth Amendment, including the procedural component of the Due Process Clause, so long as it was not based on substantive due process." 163 F.3d at 173. Thus, our caselaw clearly establishes that the analysis of a malicious prosecution claim arising under § 1983 must begin with a determination of whether a constitutional violation exists.

In the present case, Olasz alleges a violation of his First Amendment right to free speech. We have noted in prior cases that "when a public official excludes a [sic] elected representative or citizen from a public meeting, she must conform her conduct to the requirements of the First Amendment." *Montiero v. City of Elizabeth*, 436 F.3d 397, 404 (3d Cir. 2006) (citing *Eichenlaub*, 385 F.3d at 281). While "content-based restrictions on speech in a public forum are subject to strict-scrutiny," *Montiero*, 436 F.3d at 404, we have determined that "under contemporary public forum jurisprudence, a designated (as

4

opposed to traditional) forum is reviewed under a sliding standard that allows for content-related regulation so long as the content is tied to the limitations that frame the scope of the designation, and so long as the regulation is neutral as to viewpoint within the subject matter of that content." *Eichenlaub*, 385 F.3d at 281. "Viewpoint-based restrictions violate the First Amendment regardless of whether they also serve some valid time, place, manner interest." *Montiero*, 436 F.3d at 404.

In *Eichenlaub*, we considered whether a plaintiff in a § 1983 suit established a violation of his First Amendment petition and free speech rights based on the curtailment of his speech during a public meeting and his removal from the meeting. 385 F.3d at 279-81. To analyze the First Amendment claim, we addressed the issue of whether the "citizen's forum" portion of a city board of supervisors meeting was a public forum or a limited public forum. *Id.* at 281. We noted that even the public discussion portion of the meeting was limited in scope to matters relating to the local government and that the meeting was not the equivalent of a traditional public forum such as a public street or park. *Id.* In light of the Supreme Court's determination that "'public bodies may confine their meetings to specified subject matter,'" *id.* (quoting *City of Madison Joint School District v. Wisconsin Employment Relations Commission*, 429 U.S. 167, 175 n.8 (1976)), we reached the conclusion that "matters presented at a citizen's forum may be limited to issues germane to town government." *Id.*

Against this backdrop, we determined that the plaintiff in *Eichenlaub* could not establish a First Amendment violation because restricting behavior that was "repetitive and truculent," and involved "repeatedly interrupt[ing] the chairman of the meeting," constituted "the sort of time, place, and manner regulation that passes muster under the most stringent scrutiny for a public forum." *Id.* We explained that to the extent the restrictions on the plaintiff's speech "were not strictly content-neutral, the chairman's actions served the function of confining the discussion to the purpose of the meeting," but we ultimately concluded that the restrictions imposed on the plaintiff derived from a "perfectly sustainable and content-neutral desire to prevent [the plaintiff's] badgering, constant interruptions, and disregard for the rules of decorum." *Id.*

On appeal, Olasz argues that, under *Merkle*, the correct standard for analyzing a motion for summary judgment with respect to a § 1983 malicious prosecution claim is whether "no reasonable inference can be drawn that Appellant's speech was at least one factor in the decision to prosecute the Appellant." This argument is without merit both because it misconstrues the test we used in *Merkle* and because it fails to recognize that the *Merkle* test applied to a claim different than the one pursued by Olasz. The plaintiff in *Merkle* was a school teacher who publicly expressed criticism of certain policies of the school district in which she was employed. When criminal charges were later brought against the teacher stemming from her attempt to remove art supplies from the school, she claimed that the criminal prosecution was instituted in retaliation for her outspoken

6

comments. *Merkle*, 211 F.3d at 793. We employed a three-step test to analyze her retaliation claim, looking first at whether the plaintiff "demonstrate[d] that her speech was protected," second at whether the plaintiff could "show that her speech was a motivating factor in the alleged retaliatory action," and third at whether the defendants could defeat the plaintiff's claim "by establishing that [they] would have taken the same adverse action against [the plaintiff] even in the absence of her protected speech." *Id.* (citations omitted).

The *Merkle* test does not apply to the present case because Olasz did not allege that the criminal prosecution was initiated in retaliation of his protected speech. Nonetheless, even if we interpreted Olasz's allegations to state such a claim, the appropriate analysis must still begin with a review of whether a First Amendment violation can be established. It would be inappropriate for a court to consider the second prong of the test (i.e., the defendant's motivation for the retaliatory action), as Olasz urges, without finding that the first prong is met (i.e., the plaintiff's speech was protected). Because Olasz fails to demonstrate that he engaged in protected speech and his rights under the First Amendment were violated, his § 1983 malicious prosecution claim cannot advance.

Olasz's claim with respect to "[t]he record of political and policy differences between Appellant and Appellee," does not give rise to the inference that Welsh's actions constituted impermissible viewpoint-based regulation of Olasz's speech. The essence of Olasz's allegations of a free speech violation is that Welsh's "constant 'out-of-order'

7

rulings squelch free speech," and Welsh's "true motives are to silence" Olasz because of the political rivalry between the two men. This simply does not establish an unconstitutional infringement upon Olasz's protected First Amendment speech. As in *Eichenlaub*, Welsh's actions at the two Borough Council meetings to constrain Olasz's "badgering, constant interruptions, and disregard for the rules of decorum," 385 F.3d at 281, constitute appropriate time, place, and manner regulations. Even when viewing Olasz's general allegations of differing political opinions in a light most favorable to Olasz, he is unable to demonstrate that Welsh's actions amounted to viewpoint regulation in violation of the First Amendment.

We agree with the District Court that Welsh's actions "served the function of adhering to rules of decorum and confining the discussion to the purpose of the meeting," and that restricting Olasz's disruptive behavior constitutes the type of time, place, and manner regulation that survives even the most stringent scrutiny for a public forum. Therefore, we find that Olasz suffered no First Amendment violation on which to base his § 1983 malicious prosecution claim.

## IV.

For the foregoing reasons, we will affirm the order of the District Court.